**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
PHILIP GREGORY MADDELIN,            :
                                    :  Civil Action No. 08-4853 (NLH)
            Plaintiff,              :
                                    :
       v.                           :     O P I N I O N
                                    :
ATLANTIC COUNTY JUSTICE             :
FACILITY, et al.,                   :
                                    :
            Defendants.             :
_____ :

**APPEARANCES:**

Philip Gregory Maddelin, <u>Pro</u> <u>Se</u>
Kintock Group
4 South Industrial Blvd.
Bridgeton, NJ 08302

**HILLMAN, District Judge**

Plaintiff, Philip Gregory Maddelin, incarcerated at the Southern State Correctional Facility, Delmont, New Jersey, at the time he filed this complaint, seeks to bring this action alleging violations of his rights, pursuant to 42 U.S.C. § 1983, and various state laws. He has submitted an application to proceed with this action <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to 28 U.S.C. § 1915(e).

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim

upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

Plaintiff states that on October 22, 2006, he was housed in the Atlantic County Justice Facility ("ACJF") awaiting court hearings. On that day, he was assaulted by another inmate, causing severe injuries to his head and eyes. Plaintiff was rendered unconscious and was in a coma for several days. He suffers ongoing head pain and other difficulties, including hearing loss, vision loss, breathing and sleeping disorders, and emotional trauma.

Plaintiff alleges that defendant Keiser and other unknown defendants failed to properly supervise Plaintiff's dormitory, resulting in the assault. Plaintiff states that internal affairs officers covered up the assault.

Plaintiff also alleges that he was denied medical care on an ongoing basis to deter Plaintiff from seeking redress for his injuries.

Plaintiff states that overcrowding at the ACJF placed Plaintiff in a high risk situation with known violent offenders. Plaintiff complained about the situation, but defendants continued to place him in the unsafe dormitory, despite the assault, and Plaintiff received threatening letters.

Plaintiff alleges that defendant supervisors at ACJF denied him access to courts to file criminal complaints to seek justice for the wrongs committed.  He also made an effort to "exercise his right of free speech" but was denied in retaliation for seeking redress.  Specifically, Plaintiff asserts that he wanted to file grievances against the ACJF officers but was "denied;" defendants from the Internal Affairs Department told Plaintiff that he was not assaulted, but rather had a seizure.  Plaintiff asked for reports about the incident but was told that there were none.  Plaintiff alleges that the defendants refused to investigate the incident.

Plaintiff asserts various federal and state law claims against the defendants and asks for monetary relief.

## DISCUSSION

**A.   Standard for Sua Sponte Dismissal**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the

requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the

5

Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    Failure to Protect Claims**

Plaintiff alleges that he was assaulted by an inmate because the defendants failed to properly supervise his dormitory.  He states that the overcrowding at ACJF caused him to be placed in a high risk situation with known violent offenders.  Despite complaining, defendants continued to keep Plaintiff in the unsafe environment.  Thus, liberally construing the complaint, Plaintiff alleges that the defendants have violated his Fourteenth Amendment due process rights by failing to protect him and placing him in danger.

However, it is well-established that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."  DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 197 (1989).  Notwithstanding, "in certain limited circumstances the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals."  Id. at 198.

6

One exception to the general rule is "where the State has created or exacerbated the danger which a third party poses to the plaintiff." Nannay v. Rowan College, 101 F. Supp.2d 272, 285 (D.N.J. 2000). "When state actors knowingly place a person in danger, the due process clause of the constitution . . . render[s] them accountable for the foreseeable injuries that result from their conduct." Mark v. Borough of Hatboro, 51 F.3d 1137, 1151 (3d Cir.), cert. denied, 516 U.S. 858 (1995). Liability under the Due Process Clause may be imposed "where the harm-though at the hands of a private actor- is the product of state action that legitimately can be characterized as affirmative conduct." Id.

In Bright v. Westmoreland County, the Third Circuit re-established the four-part test to determine if a state-created danger exists in a given case:

> (1) "the harm ultimately caused was foreseeable and fairly direct;"
>
> (2) a state actor acted with a degree of culpability that shocks the conscience;
>
> (3) a relationship between the state and the plaintiff existed such that "the plaintiff was a foreseeable victim of the defendant's acts" or a "member of a discrete class of person subject to the potential harm brought about by the state's actions," as opposed to a member of the public in general; and
>
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

7

Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006)(internal citations and footnotes omitted), cert. denied, 549 U.S. 1264 (2007); see also Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996)(citations omitted).  In Kneipp, the Third Circuit noted that "the cases where the state-created danger theory was applied were based on discrete, grossly reckless acts committed by the state or state actors using their peculiar positions as state actors, leaving a discrete plaintiff vulnerable to foreseeable injury."  95 F.3d at 1208 (citations omitted).  Further, the Court of Appeals for the Third Circuit has noted that "negligent behavior can never rise to the level of conscience shocking."  Kaucher v. County of Bucks, 455 F.3d 418, 426 (3d Cir. 2006)(citing County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)).

In this case, Plaintiff has failed to allege facts indicating the existence of the four Bright factors as outlined above.  First, Plaintiff has not alleged facts indicating that the harm caused to him was foreseeable by the defendants.  Second, liberally construing the complaint, it is possible that Plaintiff has alleged facts indicating that the defendants were negligent; however, he has not alleged facts indicating that the housing decision "shocked the conscience."  See Estate of Soberal v. City of Jersey City, 2006 WL 2085397 at *7-*8 (D.N.J. Jul 25, 2006)(unpubl.)(noting that: "Courts have consistently held that

8

the state's mere negligence will not 'shock the conscience' for purposes of establishing a substantive due process claim" and citing cases).  Nor has Plaintiff alleged facts indicating that the decision to house Plaintiff at the ACJF, even if negligent, was "deliberately indifferent."  See, e.g., Id. at *8 ("When a state actor has the opportunity to make a deliberate and unhurried judgment, deliberate indifference on the part of the state will generally be sufficient to shock the conscience." (citation omitted)).  Finally, Plaintiff has not alleged facts indicating that the defendants used their authority to create the danger.

Because Plaintiff has failed to establish a Fourteenth Amendment violation, this claim will be dismissed for failure to state a claim upon which relief may be granted.  However, the dismissal will be without prejudice to Plaintiff filing a motion to amend the complaint that addresses the deficiencies as outlined above, in accordance with the attached order.

D.   **Medical Care Claims**

Plaintiff alleges that he was denied medical care to deter him from seeking redress for his injuries.  Plaintiff does not provide the Court with specifics, saying only that he was "specifically den[ied] . . . access to medical treatment for serious injuries on an ongoing basis resulting in a deliberate

9

indifference to Plaintiff's serious ongoing medical needs ...." (Complt., ¶ 9).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege a serious medical need and behavior on the part of prison officials that constitutes deliberate indifference to that need. See id. at 106.

To satisfy the first prong of the Estelle inquiry, the inmate must allege facts indicating that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. See Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

10

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  See Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment."  Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted).  Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation.  See Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

In the instant case, Plaintiff does not allege facts concerning the seriousness of medical injuries, the injuries or

11

conditions for which he was denied medical care, or any facts indicating that the defendants were deliberately indifferent to his needs. Plaintiff does not allege facts indicating that he requested medical attention and did not receive it.

Because Plaintiff has failed to establish an Eighth Amendment violation, this claim will be dismissed for failure to state a claim upon which relief may be granted. However, the dismissal will be without prejudice to Plaintiff filing a motion to amend the complaint that addresses the deficiencies as outlined above, in accordance with the attached order.

**E.     Retaliation/Access to Courts Claims**

Plaintiff claims he was denied access to courts to file criminal complaints and was denied the ability to file a grievance in retaliation for seeking redress. Specifically, Plaintiff states that Officer Keiser, Warden Merline, and Officers John and Jane Doe from the Internal Affairs Department denied him the right to file grievances against various officials at the ACJF. Plaintiff alleges facts indicating that the denial of his right to file grievances was in retaliation for Plaintiff's seeking redress for the wrong committed upon him. (Complt., ¶¶ 14, 15).

In order to state a claim for retaliation, Plaintiff must show that: "(i) he engaged in constitutionally protected conduct; (ii) an adverse action was taken by prison officials 'sufficient

12

to deter a person of ordinary firmness from exercising his [constitutional] rights;' and (iii) there was a causal relationship between the two."  See Adegbuji v. Green, 2008 WL 2083142 (3d Cir. May 19, 2008)(slip copy) (quoting and citing Rauser v. Horn , 241 F.3d 330, 333 (3d Cir. 2001); Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).  "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."  Id. at *3 (quoting Rauser, 241 F.3d at 334).

In this case, Plaintiff does not allege facts indicating that he was engaged in constitutionally-protected conduct. Plaintiff states that he was assaulted, and that when he expressed a desire to file a grievance, he was denied, and told that he was not assaulted but rather had a seizure.  Plaintiff's request to file a grievance, and defendants' refusal to allow him to do so does not constitute retaliation.

The Court of Appeals for the Third Circuit has held that, "[p]risoners do not have a constitutional right to prison grievance procedures.  Thus, defendants' alleged obstruction of such procedures is not independently actionable."  Heleva v.

13

Kramer, 214 Fed. Appx. 244, 247 (3d Cir. 2007) (unpubl.)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)(collecting cases)). "The prisoner's right to petition the government for redress is the right of access to the courts, a right that is not compromised by the prison's refusal to entertain his grievance." Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)(citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Indeed, in this case, Plaintiff could have filed a petition to a court or a prosecuting authority concerning the incident. He does not allege facts indicating that he was prevented from doing so; in fact he was able to bring the instant matter.

Thus, Plaintiff's retaliation/access to courts claims must be dismissed. However, the dismissal will be without prejudice to Plaintiff filing a motion to amend the complaint that addresses the deficiencies as outlined above, in accordance with the attached order.

**F.   Certain Defendants Must Be Dismissed, With Prejudice.**

Plaintiff Atlantic County Justice Facility will be dismissed from this action, with prejudice, as it is not amenable to suit under § 1983. See Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County

14

Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" under § 1983).

Further, Joseph P. Swift, a private citizen and attorney for defendant, must be dismissed from this action, with prejudice. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

**G.   State Law Claims**

Plaintiff also makes conclusory allegations against the defendants for various state law claims, including breach of duty, misrepresentation, conspiracy, negligence, negligent hiring, assault and battery, intentional emotional distress, negligent emotional distress, legal malpractice, failure to act, gross negligence, inadequate medical care, and various claims under the New Jersey Constitution.  (Complt., pp. 14-16).

Any potential state law claims will be dismissed by this Court, pursuant to  28 U.S.C. § 1367(c)(3), which states that where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  The Court of

Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As no such extraordinary circumstances appear to be present, and because the Court is dismissing Plaintiff's complaint under § 1915, this Court will also dismiss Plaintiff's state law claims without prejudice to Plaintiff bringing the claims in state court if he so chooses.

## **CONCLUSION**

Based on the foregoing, Plaintiff's complaint will be dismissed, without prejudice.  The defendant ACJF and Joseph P. Swift will be dismissed with prejudice.

An appropriate Order accompanies this Opinion.


 /s/ NOEL L. HILLMAN
NOEL L. HILLMAN
United States District Judge

Dated: July 20, 2009

At Camden, New Jersey